UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GIRL SCOUT COUNCIL OF GREATER ST. LOUIS, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:06-CV-320 CAS |
| LAPORTE HOLDINGS, INC., et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Girl Scout Council of Greater St. Louis's ("Girl Scouts") motion to strike answer to complaint and for clerk's entry of default. Defendants LaPorte Holdings, Inc. ("Laporte"), Oversee.net, Nameking.com, Inc., Vy Tran, and Lawrence Ng have not filed a response to plaintiff's motion. For the following reasons, the Court will grant plaintiff's motion.

The Girl Scouts filed this action against plaintiffs asserting claims of trademark infringement and false designation of origin and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting under section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), common law trademark infringement, and trademark dilution under Mo. Rev. St. § 417.061. Defendants filed an untimely joint answer to plaintiff's complaint on May 1, 2006.[1] Clerk's office personnel contacted defendant's attorney on May 2, 2006, and told him that he needed to file a motion for leave to file answer out of time. Defendant's attorney stated he would do so. On May 8, 2006, plaintiff filed the present motion to

---

[1] Defendants LaPorte Holdings, Inc., Nameking.com, Oversee.net, and Vy Tran's answers were due on March 20, 2006. Defendant Lawrence Ng's answer was due on April 4, 2006.

strike pleadings and for a clerk's entry of default. On May 17, 2006, defendant's office was again contacted by court personnel regarding the motion for leave to file answer out of time. An office assistant stated that a motion for leave to file out of time would be forthcoming. To date, no motion for leave to file out of time or response to defendant's motion has been filed.

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2005). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. Based on the foregoing, the Court will strike defendants' answer. Defendants filed their answer several weeks late, failed to obtain leave of court to file the answer, and have not responded to plaintiff's motion to strike the joint answer. The Court will order that defendants' answer be stricken from the record and order the Clerk of Court to enter a clerk's entry of default. The Court will order plaintiff to file an appropriate motion for default judgment with supporting documentation within fourteen days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike answer to complaint and for entry of default is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that the answer of defendants LaPorte Holdings, Inc., Oversee.net, Nameking.com, Inc., Vy Tran, and Lawrence Ng is stricken from the record.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a Clerk's entry of default in this action against defendants LaPorte Holdings, Inc., Oversee.net, Nameking.com, Inc., Vy Tran, and Lawrence Ng.

**IT IS FURTHER ORDERED** that plaintiff shall, within fourteen (14) days of the date of this order, file an appropriate motion for default judgment under Rule 55(b), supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of June, 2006.